IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Lanessa Hubbard, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   1:17-cv-687 |
| Capital Management Services, LP, a Delaware limited partnership, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Lanessa Hubbard, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Lanessa Hubbard ("Hubbard"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect delinquent consumer debt that she allegedly owed for a Macy's store credit card.

4. Defendant, Capital Management Services, LP ("CMS"), is a Delaware

limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, CMS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Hubbard.

5.   Defendant CMS is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant conducts business in Indiana.

6.   Defendant CMS is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.   Due to her financial difficulties, Ms. Hubbard was unable to pay her bills, including one she allegedly owed for a Macy's store credit card account.  At some point in time after that debt became delinquent it was placed with CMS for collection, which began collection efforts by sending Ms. Hubbard a collection letter, dated December 29, 2016. A copy of this letter is attached as Exhibit C.

8.   Unfamiliar with CMS, and as is her right under the FDCPA, Ms. Hubbard had her attorney send CMS a letter, dated January 6, 2017, disputing the debt and notifying CMS that Ms. Hubbard was represented by counsel.  A copy of this letter is attached as Exhibit D.

9.   Thereafter, CMS sent Ms. Hubbard's attorney a series of letters, dated January 7, 17 and 27, 2017 and February 8, 2017, acknowledging his representation

and claiming that it was investigating the dispute of the debt. Copies of these letters are attached as Group Exhibit E.

10. Nonetheless, instead of responding to Ms. Hubbard's attorney regarding the dispute, on February 15, 2017, Defendant CMS sent a letter to Ms. Hubbard's address, with 99 pages of billing materials. A copy of this letter (without enclosures) is attached as Exhibit F. This greatly alarmed Ms. Hubbard because all matters were supposed to be sent directly to her attorney.

11. Defendant's violation of the FDCPA is material because, although Plaintiff had been informed by counsel and believed that she had the right to be represented by her attorney as to the debt, Defendant's continued collection communications directed to her made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

12. Moreover, a violation of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debts at issue.

13. All of Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692c(a)(2) Of The FDCPA --
Communicating With A Consumer Represented By Counsel**

15. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

16. Defendant CMS knew that Ms. Hubbard was represented by counsel in connection with the debt at issue because her attorney had informed Defendant, in writing (Exhibit C), that Ms. Hubbard was represented by counsel, and disputed the debt.  By sending Ms. Hubbard a letter (Exhibit F), despite being advised that she was represented by counsel, Defendant CMS violated § 1692c(a)(2) of the FDCPA.

17. Defendant CMS's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**CMSYER FOR RELIEF**

Plaintiff, Lanessa Hubbard, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Hubbard, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Lanessa Hubbard, demands trial by jury.

        Lanessa Hubbard,

        By:<u>/s/ David J. Philipps    </u>
        One of Plaintiff's Attorneys

Dated:  March 7, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
9465 Counselors Row
Suite 200
Indianapolis, Indiana  46240
(317) 805-4717
(317) 732-7511 (FAX)
shalbertlaw@gmail.com

5